STATE OF MAINE                                    SUPERIOR COURT
                                                  CIVIL ACTION
YORK, ss.                    RECEIVED             Docket No. CV-05-182

                          2005 NOV -9  A 11: 20
OUTLOOK FARM GOLF CLUB, LLC,
d/b/a THE LINKS AT OUTLOOK
GOLF COURSE,                     COUNT

          Plaintiff,

     v.                                              ORDER

C AND J LEASING CORP. and
ROYAL LINKS USA, INC.,

          Defendants.


     The plaintiff owns and operates a golf course in York County, Maine and entered

into separate though related agreements for the lease of golf course beverage carts and

the placing of advertisements on the carts. It appears that the defendant Royal Links

USA, Inc. failed to make payments to the plaintiff who then failed to make payments to

the defendant C and J Leasing Corp. C and J has sued Outlook in the state courts in

Polk County, Iowa where the case is pending. Royal Links is reported to have filed for

bankruptcy.

     In this case Outlook has brought a suit which contains a count for fraud against

C and J, a count for breach of contract against Royal Links, a petition for declaratory

judgment seeking, in an indirect way, to force its dispute with C and J to be resolved in

Maine rather than in Iowa and a claim based upon unfair trade practices. C and J has

filed an amended motion to dismiss.

     The lease provides that, "This lease shall be governed by the laws of Iowa. Any

legal action concerning this lease shall be brought in state court located within or for

Polk County, Iowa. You consent to the jurisdiction and venue of state courts in Iowa."

The plaintiff has argued that it is unfair and costly for it to defend the suit in Iowa. While those claims may be true, there is no indication that it is illegal to require Outlook to defend and bring its counterclaim in Iowa.

The plaintiff has cited Barrett v. McDonald Investments, Inc., 2005 ME 43. Barrett involved the question of whether an arbitration requirement was ambiguous and whether it should be enforced. The concerns of the majority and particularly the concurring opinion in Barrett are not applicable here. Unlike Barrett, there is no evidence that C and J was "a contracting party with a significantly superior bargaining position." ¶ 25, or that the Iowa courts would be anything other than completely fair in contrast to the abuses that sometimes occur in arbitration proceedings. See ¶ 33. As Outlook agreed to proceed in Iowa, as Outlook had equal bargaining power in a non-consumer agreement and since a court will be involved the choice of jurisdiction should be enforced.

The entry is:

Amended motion to dismiss is granted. Those portions of the complaint directed against C and J Leasing Corp. are dismissed.

DATED:     November 8, 2005

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFF:
MARK KEARNS ESQ
P O BOX 480
ELIOT ME   03903

DEFENDANT C & J LEASING
RITA FARRY ESQ
KIMMEL & BEACH
62 PORTLAND RD
KENNEBUNK ME   04043